## REEVES et v BARBERTON (city) et

Ohio Appeals, 9th Dist, Summit Co

No 2150. Decided June 4, 1934

Foust & Holden, Akron, for plaintiffs.
Glenn A. Peters, City Solicitor, Barberton, for defendants.

## OPINION

By STEVENS, J.

The record discloses that no grade was established, by ordinance, prior to the improvement in question. It is also shown that plaintiffs' property was substantially damaged by the improvement as made, but no claim is made therefor because plaintiffs did not avail themselves of their statutory remedies, and thereby waived their right to compensation.

The resolution of necessity for the improvement provides as follows:

"Sec. 2. That the grade of said street as improved shall be the existing grade as established by ordinance of council of the city of Barberton, Ohio.

"Sec. 3. That the plans, specifications, estimates and profiles of the proposed improvement heretofore prepared by the engineer and now on file in the office of the director of public service be, and the same are hereby, approved."

It is urged that the grade of said street was established by the action of council in the enactment of the legislation for said improvement, when it approved the profiles on file in the office of the director of public service.

We do not understand that a grade for a street can be thus established, for were that contention correct, then the street grade would have been established by the engineer, and we understand the law to be well settled that "The formal establishment of a street grade is a legislative act, and can only be done by the council or other legislative authority of a municipality," and that "Such authority cannot be delegated to a ministerial officer" (28 **O. Jur., "Municipal Corporations,"** §329, p. 527, and cases cited), and also that the legislative act establishing a grade is required to be re-corded as a permanent record of the municipality.

In the instant case, the express provision that the street shall be improved in accordance with the **existing** grade, negatives the implication of the establishment of a new grade.

We are aware of the case of **Wood v Pleasant Ridge, 12 O.C.C. 177,** which is sometimes cited as authority for the proposition that the street grade may be fixed in the plans and specifications for the improvement, but in that case it will be observed that a grade had been established by ordinance prior to the legislation. for the improvement; and the holding in that case is contrary to the decided weight of authority in this state upon the subject under consideration.

In the case at bar, there having been no grade established by legislative act prior to the improvement in question, we find that the notice sent to property owners was misleading and did not properly apprise them of the improvement intended to be made; and under the rule of construction that the proceedings must be construed strictly against the municipality and in favor of the property owner, we hold that there exists no right in the municipality to collect the assessment levied against plaintiffs' property from the plaintiffs, and that said assessment is void.

An injunction will therefore be issued, restraining defendants from collecting said assessment from plaintiffs.

Decree for plaintiffs.

WASHBURN, PJ, and FUNK, J, concur in judgment.